Lenine **STROLLO**, Appellant,

v.

Noah L. **ALLDREDGE**, Warden, United States Penitentiary, Lewisburg, Pennsylvania.

No. 71–2060.

United States Court of Appeals, Third Circuit.

Submitted June 16, 1972 Under Third Circuit Rule 12(6).

Decided June 30, 1972.

T. Max Hall, McNerney, Page, Vanderlin & Hall, Williamsport, Pa., for appellant.

S. John Cottone, U. S. Atty., Lewisburg, Pa., for appellee.

Before STALEY, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant, a Federal prisoner, appeals from the district court's dismissal of his petition for writ of habeas corpus.

Appellant was sentenced in the United States District Court for the Northern District of Ohio in 1963. Following a fruitless appeal of his conviction, he began serving the imposed sentence in October 1967. It is appellant's position that the sentence imposed was for a term of three years. The Government contends that the sentence imposed was for a term of nine years, and the judgment and commitment so provide.

The district court dismissed appellant's petition on the grounds that the determination of the question of the length of his sentence was for the sentencing court and that the proper and exclusive remedy is by motion pursuant to 28 U.S.C. § 2255.

Appellant argues that his case involves a factual dispute between jailer and prisoner as to the duration of imprisonment. He contends that where it appears that the jailer obtained custody lawfully but wrongfully extended the period of imprisonment, a Federal court sitting at the venue of incarceration has a duty, when presented with a habeas corpus petition, to conduct appropriate proceedings, determine the facts, make conclusions, and enter appropriate relief.

Our examination of the record in the instant case discloses that this is not, as appellant contends, a dispute between prisoner and jailer over the term of commitment. The petition and answer clearly present a dispute over the term of the sentence imposed by the court in the Northern District of Ohio, and therefore one within the ambit of § 2255.

We have repeatedly held that as to issues cognizable by the sentencing court under § 2255, a motion under that section supersedes habeas corpus and provides the exclusive remedy. Sobell v. Attorney General, 400 F.2d 986 (C.A.3), cert. denied, 393 U.S. 940, 89 S.Ct. 302, 21 L.Ed.2d 277 (1968); Litterio v. Parker, 369 F.2d 395 (C.A.3, 1966); United States ex rel. Leguillou v. Davis, 212 F. 2d 681 (C.A.3, 1954).

The order of the district court will be affirmed.