

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# Goldberg v. Fraser

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Goldberg v. Fraser" (2007). *2007 Decisions.* Paper 1210.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1210

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-194                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4076
_____

RONALD J. GOLDBERG

v.

WILLIAM FRASER, WARDEN;
UNITED STATES MARSHALS SERVICES
ALBERTO GONZALES;
UNITED STATES ATTORNEY GENERAL
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-03606)
District Judge: Honorable Anne E. Thompson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 12, 2007

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges

(Filed April 25, 2007)

OPINION
_____

PER CURIAM

Ronald Goldberg appeals from the District Court's order denying his petition for

habeas corpus under 28 U.S.C. § 2241. In his petition Goldberg challenged the Bureau of

Prisons' ("BOP") aggregation of two of his federal sentences. Because we determine that

the sentences were properly aggregated, we find that this appeal is lacking in arguable legal merit and we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

The sentences that are subject of this petition began when Goldberg, on parole from a previous federal conviction, was arrested in Florida on March 22, 1991. He was tried in the United States District Court for the Southern District of Florida and convicted of interstate transportation of stolen securities, devising a scheme to defraud a federally insured financial institution, making false statements on an application for a bank loan, possession of stolen securities, and attempted escape from a correctional center. The District Court sentenced him to 150 months' imprisonment. Goldberg appealed. Pending the outcome of his appeal, Goldberg began serving his sentence in the United States Prison in Lewisburg, Pennsylvania.

While at Lewisburg, Goldberg was indicted in the United States District Court for the Middle District of Pennsylvania of forging the signature of a United States Magistrate Judge and making false statements. He was convicted and sentenced to 24 months' imprisonment to run consecutive to any sentences that he was then serving. Goldberg appealed that conviction as well.

In 1995, Goldberg's appeals were decided. On August 16, 1995, the Eleventh Circuit Court of Appeals affirmed his Florida conviction, but vacated his sentence and remanded the case to the District Court for re-sentencing. United States v. Goldberg, 60 F.3d 1536 (11th Cir. 1995). On October 16, 1995, the Third Circuit Court of Appeals reversed the Middle District of Pennsylvania conviction. United States v. Goldberg, 67

2

F.3d 1092 (3d Cir. 1995).

Goldberg was retried in the Middle District and was again convicted on both counts. On August 7, 1996, Goldberg was sentenced to 30 months' imprisonment. After noting the fact that Goldberg was being held for his Florida conviction, the District Court ordered that "[t]he sentence for the instant offenses shall run consecutively to any sentence the Defendant is now serving or for which he is being held." (Hab. Pet. Ex A. at 2.) At this time Goldberg was awaiting re-sentencing for his Florida conviction.

In 1998, Goldberg entered a sentencing agreement with the Government regarding his Florida conviction. On April 21, 1998, Goldberg was sentenced in the Southern District of Florida to 125 months' imprisonment. According to the BOP, the sentence began on December 18, 1992, the date of the original Florida sentence, and Goldberg received 637 days of prior custody credit for the time between his arrest and conviction in Florida. Pursuant to 18 U.S.C. § 3584, the BOP aggregated Goldberg's Pennsylvania sentence with his Florida sentence. As a result, Goldberg's sentence was 155 months, which began on December 18, 1992. He was also credited with 637 days of prior custody credit.

In 2002, Goldberg completed the custodial portion of this sentence and was released.[1] In 2003, while on supervised release, Goldberg was arrested in New York City. He eventually pleaded guilty to wire fraud and was sentenced to 36 months'

---

[1]Goldberg was released after 137 months' imprisonment due to accumulated good conduct credit.

imprisonment by the United States District Court for the Southern District of New York. After he was transferred to the District of New Jersey to face charges of violating the terms of his supervised release,[2] Goldberg filed this petition for habeas corpus.

In his petition Goldberg claimed that the BOP should not have aggregated his Pennsylvania and Florida sentences because he had completed serving the custodial portion of his Pennsylvania sentence before the Florida sentence was imposed. He argued that because the Florida sentence had been vacated at the time his Pennsylvania sentence was imposed, the Pennsylvania sentence began to run immediately, and had already expired by the time he had been re-sentenced in Florida in 1998. As a result, his total term of imprisonment should have been only 125 months. Goldberg also claimed that he had been improperly denied credit for completing a drug treatment program while incarcerated. The District Court denied his petition and Goldberg appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a District Court's decision to dismiss a § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Having granted Goldberg leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[2] Goldberg was eventually convicted of violating the terms of his supervised release and sentenced to an additional 27 months of imprisonment.

Goldberg's argument that BOP improperly calculated his sentences has no arguable basis in law or fact. Goldberg received two sentences, one for 125 months and another for 30 months, to be served consecutively. Pursuant to 18 U.S.C. § 3584, these sentences should have been aggregated and treated as one 155-month sentence, running from the date of his first conviction with credit for any time he spent in custody awaiting his trial: this is exactly what the BOP did.

For Goldberg's contention that his Pennsylvania sentence had been served prior to the imposition of his Florida re-sentence to be correct, we would have to find that, in 1996, after his retrial in Pennsylvania, he was not "serving or [] being held" for any other sentence. However, at the time he was being held for another sentence, namely his second Florida sentence. According to the BOP's Sentence Computation Manual, if a sentence has been vacated solely for the purposes of re-sentencing, then the date that the new sentence begins will be the same as the date of the original sentence. BOP Program Statement, Sentence Computation Manual, No. 5880.28, 1-18 (1999). The sentence imposed in Florida in 1998 commenced on the same date as the original sentence, December 18, 1992, and, therefore, Goldberg was being held pursuant to that sentence at the time he was sentenced in the Middle District.

Goldberg also argued that the Government is barred from running his Pennsylvania sentence consecutively because of judicial estoppel. However, Goldberg cannot identify a single instance where the Government has represented in a judicial proceeding that he had served his entire 30 month sentence, or that any court relied on

5

such a representation. See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2000). Accordingly, it was not estopped from presenting that argument in this case.

Finally, Goldberg argued that he had been misled into believing that he had completely served his Pennsylvania sentence at the time he entered into the Florida sentencing agreement, and that he would not have entered into the agreement had he known that he faced an additional 30-month sentence. However, this argument challenges the validity of the Florida agreement and cannot be brought in this petition for habeas corpus under § 2241. Rather, because this claim challenges the validity of the sentence imposed, rather than the execution of that sentence, it must be brought as a motion to vacate the sentence under 28 U.S.C. § 2255 in the Southern District of Florida.[3] See Strollo v. Allredge, 463 F.2d 1194, 1195 (3d Cir. 1971).

In sum, we readily conclude that the District Court correctly denied Goldberg's habeas petition. Because his appeal lacks merit, we will dismiss it under § 1915(e)(2)(B). In light of our disposition of his appeal, Goldberg's motion for appointment of counsel is denied.

---

[3]Goldberg's claim that he has been denied credit for his participation in drug treatment programs while incarcerated founders on his failure to provide any evidence that he did, in fact, complete any of these programs.