# United States Court of Appeals
## For the First Circuit

No. 07-1453

STEVEN A. SWAN,

Plaintiff, Appellant,

v.

PAUL BARBADORO, JUDGE,
U.S. DISTRICT JUDGE OF NEW HAMPSHIRE,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. George Z. Singal,* U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Stahl, Senior Circuit Judges.

Steven A. Swan on brief pro se.
Richard B. Myrus, Assistant U.S. Attorney, and Robert Clark
Corrente, United States Attorney, on brief for appellees.

March 11, 2008

*Of the District of Maine, sitting by designation.

**Per Curiam**.    Steven Swan appeals pro se from the dismissal of litigation growing out of his conviction for federal tax violations.  He has previously filed two Bivens actions for damages and injunctive relief, claiming that judges, prosecutors and others violated his civil rights in obtaining the conviction. These having failed, he filed the present suit for damages and injunctive relief under RICO, 18 U.S.C. §§ 1961-1968, alleging wrongdoing by judges, prosecutors and others in relation to his conviction and also in connection with his latest Bivens actions.

A magistrate judge screened the complaint and found it frivolous.  28 U.S.C. § 1915A.  He ruled that most of the claims were barred under Heck v. Humphrey, 512 U.S. 477 (1994), because they rested on the supposed invalidity of Swan's conviction, and in any event the claims were patently frivolous.  The district court upheld the magistrate judge's recommendation, and Swan now has appealed to this court.  He also has filed several motions.

His principal motion seeks the recusal of all First Circuit judges and the transfer of the appeal to another circuit. The recusal and transfer claims are based on the fact that the named defendants include the district court judge and three judges of this court who were involved in earlier phases of Swan's litigation.  No member of the present panel is a named defendant.

Under the recusal standard, we ask whether a fully informed, rational observer would have reason to question a judge's

impartiality.  In re United States, 441 F.3d 44, 56-57 (1st Cir. 2006).  If Swan had any colorable claim, we would consider whether judges from another circuit should hear the present appeal.  But the patently frivolous claims presented leave no room for any rational person to imagine that any bias could underlie an affirmance.  There is, in addition, a countervailing concern "to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons . . . ."  In re Allied-Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989).

In this instance, a judgment in Swan's favor would impugn the validity of his conviction, which is clearly impermissible under Heck.  E.g., Moore v. Guesno, 485 F. Supp. 2d 300, 308 (W.D.N.Y., 2007).  Heck's bar cannot be circumvented by substituting a supposed RICO action for the earlier Bivens claims ineffectually designed for the same purpose.  As it happens, the RICO claim itself is not properly pleaded, but given Heck, there is no reason to describe the substantive defects.

Swan's pending motion to file a late reply brief is granted, but the motion to transfer the case is denied and the appeal is dismissed as frivolous.  28 U.S.C. § 1915.  The motion to recuse is denied with respect to the present panel and is dismissed as moot as to the circuit judges who are not on this panel but were named by Swan as defendants.

-3-

<u>It is so ordered</u>.