BLD-138                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3139
_____

WILLIAM J. O'BRIEN, III, D.O.,
Appellant

v.

THE UNITED STATES OF AMERICA FEDERAL GOVERNMENT; JOSHUA GILL,
Special Agent U.S. Department of Health & Human Services; ED MCCLUSKER,
Special Agent U.S. Food & Drug Administration; BRYAN LACY, Special Agent Federal
Bureau of Investigation; DIANNA HUFFMAN, Special Agent Federal Bureau of
Investigation; HEATHER STAR WHELAN HOLT, Special Agent Federal Bureau of
Investigation; CATHY CARTER, Special Agent Federal Bureau of Investigation; MARY
BETH LEAHY, Assistant United States Attorney; DAVID TROYER, Assistant United
States Attorney; KEVIN KANE, (Ret) Federal Bureau of Investigation; MARYANNE
MURPHY, a/k/a Maryanne Hart; EASTERN STATE DISTRICT COURT FEDERAL
BUILDING

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:18-cv-01787)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2), or for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2019
Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 27, 2019)
_____

PER CURIAM

Appellant William J. O'Brien, III, D.O., was accused of prescribing sizable amounts of medically unnecessary drugs in exchange for money and sexual favors. A federal jury convicted O'Brien of more than 100 counts of unlawful distribution of controlled substances. We affirmed O'Brien's convictions.[1]

Proceeding pro se, O'Brien then filed a damages action against the Federal Government of the United States, the District Court, and an array of federal law enforcement officers. His complaint, as amended, raised claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), the Federal Tort Claims Act ("FTCA"), and RICO. The wrongs alleged by O'Brien were thus: his HBOT[2] machine was seized unlawfully during a raid by a healthcare-fraud taskforce in 2011; the same taskforce—characterized by O'Brien as a criminal "enterprise" under RICO—hired an informant in 2014 to pose as a treatment-seeker and surveil O'Brien's office without a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] See 738 F. App'x 38, 44 (3d Cir. 2018), cert. denied 139 S. Ct. 290 (Oct. 1, 2018) & 139 S. Ct. 612 (Dec. 3, 2018).

[2] Hyperbaric oxygen treatment—"HBOT" or "HBO2" for short— involves delivery of "high concentrations of oxygen within a pressurized chamber," for use as "an adjunctive treatment for the management of select non-healing wounds." Hyperbaric Oxygen Therapy: Its Use and Appropriateness, HHS OIG Report, p. i (Oct. 2000), available at https://oig.hhs.gov/oei/reports/oei-06-99-00090.pdf (last visited Mar. 15, 2019).

warrant; law enforcement officers made misrepresentations to the grand jury that indicted O'Brien; various witnesses gave false testimony at trial; and O'Brien's attorneys were unable to adequately represent his interests because of conflicts.[3]

The District Court screened the amended complaint under 28 U.S.C. § 1915A(a). It determined that, insofar as O'Brien had sued the federal government generally and the United States District Court for the Eastern District of Pennsylvania specifically, those defendants are entitled to absolute sovereign immunity. The District Court next determined that, insofar as O'Brien had sued the prosecutors who presented evidence to the grand jury, those defendants are entitled to absolute prosecutorial immunity. Similarly, insofar as O'Brien had sued certain officials because they gave testimony before the grand jury, those defendants are entitled to absolute witness immunity.

Turning to the claims related to the seizure of the HBOT machine in 2011, the unlawful surveillance in 2014, and O'Brien's arrest and arraignment in the first two months of 2015, the District Court determined that those claims are facially untimely. All of those claims are subject to one of two different two-year limitations periods, yet

---

[3] The District Court did not understand O'Brien to be seeking relief from his convictions under the Sixth Amendment and Strickland v. Washington, 466 U.S. 668 (1984), and neither do we. To the extent, however, that O'Brien does wish to seek relief from his convictions under Strickland, the exclusive means to that end is a motion to vacate under 28 U.S.C. § 2255. Cf. United States v. DeRewal, 10 F.3d 100, 105 (3d Cir. 1993); Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam).

O'Brien waited until May 2016 to file his administrative claims, and until 2018 to file suit in the District Court.[4]  No basis for tolling was apparent to the District Court.

As for O'Brien's Bivens and FTCA claims premised on various constitutional defects related to his trial, the District Court dismissed those claims without prejudice, per the 'favorable termination rule' of Heck v. Humphrey, 512 U.S. 477 (1994).  Under that rule, unless and until an incarcerated plaintiff's conviction or sentence is invalidated, his damages action is barred if its success would necessarily undermine said conviction or sentence. Id. at 486-87.  According to the District Court, O'Brien's RICO claims as well were "at least partially barred by Heck," and they were otherwise defective insofar as they failed to plausibly allege obstruction of a federal criminal investigation by any of the defendants, under 18 U.S.C. § 1510(a).  Finally, the District Court determined that it lacked jurisdiction to consider any FTCA claims based on the "intentional torts of libel, slander, misrepresentation, deceit, and interference with contract rights."

For those reasons, the District Court dismissed O'Brien's amended complaint—in part without prejudice, as to the Heck-barred claims—and without leave to amend, as further amendment would have been futile.  O'Brien appealed.

We have jurisdiction under 28 U.S.C. § 1291.  Our review of a § 1915A(b)(1) dismissal for failure to state a claim is guided by the same de novo standard used to

---

[4] For the unlawful surveillance claims, the District Court also reasoned that dismissal was proper on grounds identical to those it had relied on in denying O'Brien's motion to suppress.

4

evaluate successful motions to dismiss under Fed. R. Civ. P. 12(b)(6).[5]  Insofar as the District Court dismissed certain claims under § 1915A(b)(2), because O'Brien had sought "monetary relief from a defendant who is immune from such relief," our standard of review remains de novo.[6]

Here, the District Court properly disposed of O'Brien's case, and there is little to add to its thorough analysis.[7]  O'Brien himself is constrained to agree with the District Court's disposition of many of his <u>Bivens</u> claims.[8]  Furthermore, we discern no reversible error in the District Court's determination that <u>Heck</u>'s favorable termination rule may apply not just to the <u>Bivens</u> claims, but to the FTCA and RICO claims in O'Brien's amended complaint as well.[9]  Finally, we observe that it was not error for the District

---

[5] <u>See</u> <u>Harnage v. Lightner</u>, 916 F.3d 138, 140-41 (2d Cir. 2019) (per curiam); <u>DeMarco v. Davis</u>, 914 F.3d 383, 386 (5th Cir. 2019); <u>cf.</u> <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000) ("Our review of the District Court's sua sponte dismissal for failure to state a claim, which was authorized by 28 U.S.C. § 1915(e)(2)(B)(ii) . . ., like that for dismissal under Fed. R. Civ. P. 12(b)(6), is plenary.").

[6] <u>See</u> <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604 (6th Cir. 1997), <u>overruled on other grounds by</u> <u>Jones v. Bock</u>, 549 U.S. 199, 203 (2007); <u>cf.</u> <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 439 (3d Cir. 2000) (explaining that whether absolute immunity applies is a question of law that is reviewed de novo).

[7]  One point of clarification:  we read the District Court's dismissal of certain claims to be predicated on the alternative, not conjunctive, grounds of untimeliness and <u>Heck</u>'s favorable termination rule. <u>See</u> <u>Stephenson v. Reno</u>, 28 F.3d 26, 27-28 (5th Cir. 1994) (per curiam) (noting generally that if <u>Heck</u> applies, then the claims have not yet accrued and so the statute of limitations is not a concern); <u>cf.</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 389-90 (2007); <u>Dique v. N.J. State Police</u>, 603 F.3d 181, 187-88 (3d Cir. 2010).

[8] <u>See</u> O'Brien Arg. at 4 ("All the <u>Bivens</u> claims, in relation to [<u>Heck</u>] are premature until O'Brien's conviction is overturned [sic].  I ask that all be dismissed without prejudice.").

Court to dismiss at the § 1915A screening stage (sua sponte) certain of O'Brien's claims as facially untimely under applicable statutes of limitation.[10]

Therefore, for the reasons given by the District Court and in this opinion, we will summarily affirm the judgment below.[11]  O'Brien's request for a "stay," pending disposition of a future motion for post-conviction relief under § 2255, is denied.[12]

---

[9] See, e.g., Swan v. Barbadoro, 520 F.3d 24, 25-26 (1st Cir. 2008) (per curiam) (declaring, where a judgment for plaintiff  would impugn the validity of his conviction, that he could not circumvent Heck by bringing claims under RICO); Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 2004) (holding that an action under FTCA for negligently calculating prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until prisoner has established, in direct or collateral attack on his imprisonment, that he is entitled to release); Parris v. United States, 45 F.3d 383, 384-85 (10th Cir. 1995) (holding that Heck applies to FTCA actions); cf. Morrow v. BOP, 610 F.3d 1271, 1272 (11th Cir. 2010) (assuming that Heck "extends to FTCA claims").

[10] See Jones v. Bock, 549 U.S. 199, 215 (2007); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).  O'Brien's assertion that, although he was aware of the seizure of his HBOT machine in 2011, he was not aware of the bases for his legal claims until years later, is unavailing.  Claims generally accrue, and the statute of limitations generally begins to run, when the plaintiff knew or should have known of the injury on which the claim is based. See Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998); see also New Castle Cty. V. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir. 1997) (observing that "a claim accrues upon awareness of *actual injury*, not upon awareness that the injury constitutes a *legal wrong*").

[11] See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

[12] O'Brien does not identify an active § 2255 case that he has filed.  We do note, though, that O'Brien is currently appealing an adverse forfeiture order. See C.A. No. 18-3649.