**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1800
_____

JEFFREY HOLLAND,
                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:17-cv-01301)
District Judge: Honorable Matthew W. Brann
_____

Argued: February 5, 2021

Before: RESTREPO, BIBAS, and PORTER, *Circuit Judges*

(Filed: May 19, 2021)
_____

James H. Feldman, Jr.                  [ARGUED]
627 Haverford Road
Ardmore, PA 19003

    *Counsel for Appellant*

William A. Behe                    [ARGUED]
Office of the United States Attorney
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

    *Counsel for Appellee*

————————————

OPINION OF THE COURT

————————————

BIBAS, *Circuit Judge*.

Successive habeas petitions rarely succeed, but they can. Jeffrey Holland is living proof. Almost two decades ago, he was convicted of violating 18 U.S.C. § 924(c) by trading drugs for a gun. Then, in 2007, the case law changed. Under the Supreme Court's decision in *Watson v. United States*, that trade was no longer considered a crime. 552 U.S. 74, 83 (2007). So Holland filed his fourth § 2241 habeas petition asking us to vacate his conviction. We will not deny this fourth effort as successive, because the Government forfeited that objection and we have jurisdiction. On the merits, neither Holland nor his trading partner appears to have violated § 924(c). Because he may be actually innocent, we will vacate and remand.

# I. Background

## A. Holland's crimes and convictions

In 1999, a federal grand jury charged Holland with manufacturing, possessing, and distributing cocaine; conspiring to do the same; and using a gun to murder someone during those crimes. It also charged him, in Count Three, with using a firearm during and in relation to a drug-trafficking crime and with aiding and abetting that crime. 18 U.S.C. §§ 2, 924(c). This last count is the basis of Holland's current habeas petition.

To prove Count Three, the prosecution called one of Holland's customers to testify: Adrienne Stewart. She regularly bought crack cocaine from him and his associates. Usually, she bought twenty or forty dollars' worth at a time. The most she had ever bought was an eight-ball (an eighth of an ounce, or 3.5 grams).

Once, Stewart traded a gun to Holland for cash and drugs. After someone gave her the gun, she called Holland to tell him. He then met her, test-fired the gun, and in return gave her eighty dollars and an eight-ball of crack.

Based on this exchange, the jury found that the gun had been used during and in relation to a drug-trafficking crime. So it convicted Holland of Count Three, as well as all the others except the murder count. The court imposed two life sentences for the drug charges plus a five-year consecutive term on Count Three.

## B. Holland's postconviction petitions

Holland has tirelessly challenged his convictions. On direct appeal, he unsuccessfully attacked his drug convictions. Since then, he has filed at least seven postconviction petitions or motions. First, he filed one under 28 U.S.C. §2255, claiming ineffective assistance of counsel. The district court denied the motion, and we denied a certificate of appealability.

Then, in 2007, the case law changed. In *Watson v. United States*, the Supreme Court held that, based on the ordinary meaning of the word, a person does not "use" a gun under §924(c) when he trades away drugs and gets a gun in return. 552 U.S. at 83. So Holland tried to get his §924(c) conviction vacated, claiming actual innocence. Instead of filing under §2255 again, he petitioned for habeas under §2241.

The district court dismissed for lack of jurisdiction, reasoning that he should have filed under §2255. It later denied his motion to reconsider as untimely. We affirmed that denial without reaching the underlying dismissal.

Holland tried again, filing two more §2241 petitions raising the same claim of actual innocence based on *Watson*. But because those petitions were identical to his earlier one, and thus disfavored, the district court dismissed them as successive under §2244(a). We affirmed on that procedural ground.

After a few more petitions (on *Watson* and other issues), Holland filed the one that is before us now. This is his fourth §2241 petition challenging his conviction on Count Three based on *Watson*. Yet this time, neither the Government nor the District Court treated it as successive. Rather, the court

4

found that this petition was properly filed under §2241, since a §2255 motion would be "inadequate or ineffective" to test the legality of Holland's detention. §2255(e); App. 11–13.

Even so, the District Court denied Holland's petition on the merits. Though he did not *use* a gun in selling drugs to Stewart, it reasoned, *she* used it by trading her gun for drugs. Thus, it held, Holland was guilty based on aiding and abetting her crime. Holland now appeals.

## II. THIS COURT HAS JURISDICTION TO REVIEW HOLLAND'S §2241 PETITION

To start, we must confirm our and the District Court's jurisdiction. As a prisoner challenging his federal custody, Holland would normally have to file a §2255 motion. But because he had already brought a §2255 motion (and so could not bring another), he properly filed under §2241 instead. The saving clause, §2255(e), grants us jurisdiction to hear this petition. And though AEDPA (the Antiterrorism and Effective Death Penalty Act of 1996) and the equitable abuse-of-the-writ doctrine limit second or successive petitions, those limits can be forfeited and do not deprive us of jurisdiction under §2241.

### A. We have jurisdiction under §2255(e)

Usually, federal prisoners must challenge their convictions under §2255, not §2241. *See* §2255(a), (e). The §2255 motion "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam). So if federal prisoners try to bring §2241 petitions, district courts and this Court normally lack jurisdiction

to review them. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam).

But §2241 remains open as a backstop. Under §2255's saving clause, a federal prisoner can file a §2241 petition when a §2255 motion would be "inadequate or ineffective to test the legality of his detention." §2255(e). Holland's situation, we have held, is one such case. If a prisoner has already filed a §2255 motion, he is barred from filing another one unless his petition relies on newly discovered evidence or a new rule of *constitutional* law. §2255(h). So if an intervening *statutory* decision holds that his conduct was not a crime, he cannot use another §2255 motion to claim actual innocence. In that case, our circuit holds, §2255 is inadequate, so §2241 is the appropriate remedy. *In re Dorsainvil*, 119 F.3d 245, 250–51 (3d Cir. 1997). *But see McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1080 (11th Cir. 2017) (en banc); *Prost v. Anderson*, 636 F.3d 578, 579–80 (10th Cir. 2011) (Gorsuch, J.).

We have jurisdiction because Holland's §2241 petition falls within §2255(e)'s saving clause. After his conviction, *Watson* required courts to read §924(c) more narrowly. Under *Watson*, Holland did not "use" a gun when he got it in exchange for drugs. 552 U.S. at 83. Yet he cannot challenge his conviction under §2255, because he has already filed one such motion and *Watson* is a statutory decision. So under *Dorsainvil*, we can hear his §2241 petition.

The Government argues that under *Dorsainvil*, our jurisdiction depends on whether Holland is innocent. That argument collapses the merits of Holland's *Watson* claim into our

6

jurisdictional inquiry. But *Dorsainvil* separated jurisdiction from merits. 119 F.3d at 252. We will too.

## B. The limits on second or successive petitions do not bar jurisdiction to hear Holland's §2241 petition

Though Holland's §2241 petition is successive, that does not deprive us of jurisdiction. True, two of his earlier §2241 petitions were dismissed as successive under §2244(a), but that subsection is just a discretionary limit. Neither the text nor the structure of AEDPA bars jurisdiction over successive §2241 petitions. Instead, the restrictions on such petitions stem from a traditional equitable doctrine.

We hold that §2244(a) does not bar jurisdiction over successive §2241 petitions. We strongly presume that rules are not jurisdictional unless Congress says so "clearly." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006). Congress has not done that here.

Instead, the text of §2244(a) supports our jurisdiction. It says that if a federal court has already decided the legality of a prisoner's detention on a prior habeas petition, no judge "shall be required to entertain" a successive application. §2244(a). That limitation applies to §2241. *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam). Although it curbs successive §2241 petitions, it does not eliminate our jurisdiction. Rather, we are simply not "required to entertain" them. In other words, we have discretion to hear them. Likewise, nothing in §§2241 or 2255(e) suggests that §2244(a)'s limit on second or successive petitions is jurisdictional.

7

AEDPA's structure confirms our jurisdiction. Compare §2241 with §§2254 and 2255's processes for filing successive petitions or motions. When a prisoner tries to file again under the latter two sections, the district court does not instantly have jurisdiction to hear it. *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (per curiam); *United States v. Doe*, 810 F.3d 132, 150 (3d Cir. 2015). That is because AEDPA's gatekeeping provisions require prisoners to first seek leave from the court of appeals. §§2244(b)(3), 2255(h); *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020). But §2241 has no gatekeeping provision, and we cannot graft those other sections' limitations onto successive §2241 petitions. *Zayas v. INS*, 311 F.3d 247, 255 (3d Cir. 2002).

Finally, the history of federal habeas does not treat limits on successive petitions as jurisdictional. Section 2241 codifies traditional habeas corpus relief, which "is, at its core, an equitable remedy." *Schlup v. Delo*, 513 U.S. 298, 319 & n.35 (1995). Historically, the limit on successive habeas petitions was the "abuse of the writ [doctrine], a complex and evolving body of equitable principles." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). So any limits on successive §2241 petitions are discretionary and equitable—not mandatory and jurisdictional. *See Porter v. Warner Holding Co.*, 328 U.S. 395, 403 (1946).

Despite our jurisdiction, the Government now asks us to dismiss this case because of the public's interest in the finality of Holland's conviction. But it forfeited this argument by failing to raise it below. And because the courts that considered

8

Holland's earlier petitions did not reach the merits of his *Watson* claim, we do so now.

We review the District Court's legal conclusions de novo and its factual findings for clear error. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). To make out his claim of actual innocence, Holland must show that "it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327–29. On to the merits.

### III. THE DISTRICT COURT ERRED IN DENYING HOLLAND'S § 2241 PETITION

Holland seeks to vacate his § 924(c) conviction. Even though he did not personally violate that subsection, the District Court held that he aided and abetted Stewart's "us[ing]" a gun to get drugs. But Stewart's actions might not qualify. To be guilty, she would have had to use the gun during and in relation to a drug-trafficking felony for which she could be prosecuted. Yet this record shows only that she was getting a small amount of drugs for her personal use. That is not enough to find her guilty of a drug-trafficking felony. And if she did not violate § 924(c), Holland could not have aided and abetted her commission of that crime.

#### A. Stewart might not have violated § 924(c)

Section 924(c) forbids "us[ing] or carr[ying] a firearm" "during and in relation to any crime of violence or drug trafficking crime." That language "sweeps broadly." *Smith v. United States*, 508 U.S. 223, 229 (1993). Although, under *Watson*, someone does not "use" a gun by *buying* it with drugs, she

9

does use it by *selling* it for drugs. *Id.* at 236–37; *Watson*, 552 U.S. at 83.

In exchange for drugs, Stewart traded her gun to Holland. That counts as her using it. The District Court thus thought that she had violated §924(c). But using a gun is not enough. She must also have used the gun "during and in relation to" a "drug trafficking crime." §924(c)(1)(A). To qualify, the drug trafficking must be a federal felony. §924(c)(2). And it must be one "for which [Stewart] may be prosecuted in" federal court. §924(c)(1)(A).

The record does not show that Stewart could have been prosecuted for a federal felony. She did not testify that she was involved in any part of Holland's drug operations. And as the Government concedes, she was just buying drugs for herself. Evidently, she traded Holland the gun not to help his drug trafficking, but just as currency. In return, Holland gave her not a lot of crack, but just an eight-ball (3.5 grams). Simply buying drugs is not always a drug-trafficking felony. Here, that depended on whether Stewart had any prior convictions for possessing crack. If she did, then another conviction for possessing 3.5 grams of crack would have triggered at least five years' imprisonment and thus been a felony. 21 U.S.C. §844(a) (1996). If not, then a first conviction for possessing less than 5 grams of crack would have been a misdemeanor. *Id.* Because, on this record, Stewart's criminal history is unclear, she did not plainly violate §924(c) by using the gun to get drugs.

The Government suggests that Stewart violated §924(c) by using a gun to aid and abet *Holland*'s drug-trafficking crime. But it would not make sense to stitch together Stewart's actus

10

reus (using a gun) with Holland's mens rea (intent to traffic drugs). Plus, Congress chose to treat buyers less harshly than sellers. *Abuelhawa v. United States*, 556 U.S. 816, 822 (2009). So we cannot use aiding and abetting to raise the buyer's possession misdemeanor to a drug-trafficking felony. If we did that and then bootstrapped the seller's liability up to a felony too, anyone who sold drugs for a gun would be guilty of §924(c)'s ban on "using" a gun—defying *Watson*'s understanding that Congress decided to treat the two sides of the deal differently.

In short, we cannot tell whether Stewart was guilty of §924(c) without more facts. We direct the District Court to look into this issue.

### B. Holland might not have violated §924(c)

If Stewart indeed did not violate §924(c), the District Court will have to vacate Holland's conviction. He could not have aided or abetted Stewart in a crime that she did not commit. And he did not personally violate §924(c) by *using* the gun. At trial, the court explained that the "using" charge rested on Stewart's testimony that she traded Holland her gun for cocaine. App. 322. It then instructed the jury that the "mere exchange of guns for drugs" was enough to support a finding that he used the gun. App. 323–24. Neither the indictment nor the jury instructions mentioned any other use of the gun, like the test-firing. So the jury convicted Holland because of his trade with Stewart. Under *Watson*, that does not count as using a gun. 552 U.S. at 83. Because *Watson* construed the substantive scope of the crime, its ruling is fully retroactive on collateral review. *Bousley v. United States*, 523 U.S. 614, 620–21 (1998).

11

Nor can we uphold this conviction based on Holland's *possessing* the gun. Section 924(c) also bans possessing a gun in furtherance of a drug-trafficking crime. Some of our sister circuits have held or assumed that a defendant possesses a gun under § 924(c) the moment that he accepts it in exchange for drugs. *United States v. Doody*, 600 F.3d 752, 754–55 (7th Cir. 2010) (collecting cases). *Watson* left this possibility open. 552 U.S. at 83. We have no occasion to consider that issue here. Holland was charged with using the gun that Stewart traded to him, not possessing it. The jury was instructed to focus on his use and convicted him of that. And, as the Government conceded at oral argument, no one testified that he possessed that gun in furtherance of a drug-trafficking crime. So it is more likely than not that no reasonable juror would have convicted him of possessing a gun in violation of § 924(c).

\* \* \* \* \*

Against all odds, Holland may have vindicated his actual innocence. Though his § 2241 petition is successive, the Government forfeited that objection, and the bar is not jurisdictional. On the merits, trading drugs to get a gun does not count as using it. And Holland could have aided and abetted Stewart only if she violated § 924(c). We will thus vacate and remand for the District Court to consider Stewart's conduct. If it finds that she did not violate the statute, then it must grant Holland's § 2241 petition and vacate his conviction on Count Three.

12