**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1059
_____

JELANI C. SOLOMON,
                                        Appellant

v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-01521)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2023
Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed May 22, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jelani Solomon appeals the dismissal of his petition under 28 U.S.C. § 2241. For the following reasons, we grant the Government's motion for summary action and will affirm the District Court's judgment.

A jury in the United States District Court for the Western District of Pennsylvania found Solomon guilty of six charges, including conspiracy to distribute and possess with intent to distribute cocaine (count 1), carrying and using a firearm while drug trafficking and aiding and abetting the same (count 3), and using a firearm in relation to a drug trafficking crime and causing a death (count 6). Solomon dealt drugs and bought a loaded gun from an associate in exchange for cocaine; later, he paid someone in drugs and cash to use that gun to kill the father of an informant in his network. In 2008, the District Court imposed a sentence of life in prison on counts 1 and 6, with no possibility of parole on count 6, plus a consecutive term of 120 months in prison on count 3. We affirmed. United States v. Solomon, 387 F. App'x 258 (3d Cir. 2010). Since then, Solomon has filed numerous unsuccessful § 2241 petitions, § 2255 motions, and appeals in this Court related to his criminal proceedings, which we shall not recount here.

In 2021, Solomon filed the § 2241 habeas petition at issue in this appeal. As he has in prior post-conviction actions, he argued that his conviction in count 3 for violations of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 should be reversed based on Watson v. United States, 552 U.S. 74, 76 (2007) (holding that receiving a firearm in exchange for drugs does not constitute "use" of a firearm "during and in relation to a drug trafficking crime"). He added that our decision in Holland v. Warden Canaan USP, 998 F.3d 70 (3d Cir. 2021), rendered his conviction in count 3 void. See id. at 75 (when the

2

buyer of a gun has been convicted of § 924(c) and aiding and abetting the same, a conviction requires the seller to "use" the gun "during and in relation to" a "drug trafficking crime," e.g., a felony capable of being prosecuted in federal court). The Government opposed the petition, and Solomon later filed a motion for emergency relief concerning the confiscation of his legal materials. Ultimately, a Magistrate Judge recommended that the District Court apply the concurrent sentence doctrine, dismiss the petition, and likewise deny the motion for emergency relief. Over Solomon's Objections, the District Court adopted the Report and Recommendation, dismissed the petition, and denied the motion for injunctive relief. ECF No. 37.

Solomon timely appealed, and later filed motions for reconsideration and for a stay of his appeal (3d Cir. Dkt. Nos. 14, 17) pending the present appeal-after-remand in the Holland v. Warden Canaan USP matter. See C.A. No. 21-3240. The Government has now filed a motion for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Solomon filed a response in opposition.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The dismissal of a § 2241 petition is reviewed de novo. Cardona v. Bedsoe, 681 F.3d 533, 535 (3d Cir. 2012). We review the District Court's use of the concurrent sentence doctrine and its denial of injunctive relief for abuse of discretion. See Duka v. United States, 27 F.4th 189, 194 (3d Cir. 2022); Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017).[1]

---

[1] We consider the District Court's findings of fact for clear error and its conclusions of law de novo in reviewing the district court's denial of an injunction. Reilly, 858 F.3d at 176.

We agree with the Government that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4. Ordinarily, challenges to the validity of a conviction must be made through a motion under § 2255 unless that remedy is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). We have recognized such an exception when a prisoner has had no prior opportunity to challenge his conviction which an intervening change in retroactive, substantive law could negate. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

Here, we need not decide whether Solomon's claim meets that standard. Assuming that it did, and further, that count 3 were rendered void as a result of the change in law, Solomon has two life sentences (including one without parole on count 6) which he does not challenge in his § 2241 petition. Because a vacatur of the challenged conviction would not reduce the time that Solomon will serve in prison in light of the two unchallenged life sentences, the District Court did not abuse its discretion by applying the concurrent sentence doctrine. See Duka, 27 F.4th at 194; cf. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 104 (3d Cir. 2017) (affirming District Court's denial of § 2241 and declining to reach additional claims that would not alter the term of appellant's imprisonment). As we have held in Duka, the concurrent sentence doctrine applies in situations like Solomon's, where the challenged sentence is in fact consecutive to, rather than concurrent with, an unchallenged life sentence. See id. at 194.

Finally, we find no error with the District Court's denial of the motion for injunctive relief, because Solomon had no likelihood of success on the merits of his

petition when application of the concurrent sentence doctrine foreclosed review of his claim. Mag. J.'s Rep. and Recommendation at 4.

Accordingly, we will affirm the judgment of the District Court. Solomon's motions for reconsideration and a stay of the appeal are denied.